UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAUL CLAROS, | Case No.: 2:10-cv-1788-RLH-PAL |
| Plaintiff, | *NUNC PRO TUNC* CORRECTION |
| vs. | OF O R D E R #48 |
| LANDAMERICA ONESTOP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; METLIFE HOME LOANS; FIRST HORIZON HOME LOANS CORPORATION; UTLS NATIONAL DEFAULT SERVICES, LLC; S.B. MANAGEMENT, LLC, David Zepeda, Trustee of the David Rose, Chris Rose, Sam Kirby, Irv Kirby, Jack, Cad, Lydia Cadman, Kenneth Gilbert, Fran Gilbert Trust, W.J. Bradley, Frank Ruualcaba; Bonnie Mac, Individually; Federal National Mortgage Association UNKNOWN BENEFICIARIES/SUCCESSORS AND/OR PREDECESSORS *an ens legis being used to conceal fraud,* AND JOHN DOES INVESTORS 1-50, et. al., | (Motion to Dismiss–#10; Motion to Dismiss–#21; Motion to Dismiss–#38) |
| Defendants. | |

On March 24, 2011, this Court entered an Order (#48) granting three motions to dismiss (##10, 21, 38). The Court is now aware of an inadvertent error in that Order and issues this *nunc pro tunc* correction order for the limited purpose of making the record reflect what the Court did not sufficiently express in the original order. *See In re Warren*, 568 F.3d 1113, 1116 n.1

1

AO 72
(Rev. 8/82)

(9th Cir. 2009). Specifically, that Defendant UTLS National Default Services, LLC joined Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss (#10).

\* \* \*

Before the Court is Defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") **Motion to Dismiss** (#10, filed Nov. 10, 2010) for failure to state a claim. The Court has also considered Plaintiff Saul Claros' Opposition (#18, filed Nov. 18. 2010), and MERS' Reply (#25, filed Nov. 29, 2010). Defendant UTLS National Default Services, LLC has joined MERS' Motion to Dismiss (#10) and Reply (#25).

Also, before the Court is Defendants Federal National Mortgage Association ("Fannie Mae") and Lender Business Process Services' ("LBPS") **Motion to Dismiss** (#21, filed Nov. 22, 2010) for failure to state a claim. The Court has also considered Claros' Opposition (#28, filed Nov. 30, 2010), and Fannie Mae and LBPS' Reply (#37, filed Dec. 10, 2010).

Finally, before the Court is Defendants MetLife Bank, N.A. ("MetLife") and First Horizon Home Loans Corporation's ("First Horizon") **Motion to Dismiss** (#38, Dec. 27, 2010) for failure to state a claim. Claros did not file an opposition.

**BACKGROUND**

In November 2004, Claros refinanced his home located in Las Vegas. The deed of trust for the refinanced mortgage loan named First Horizon as the lender, Fidelity National Title as the trustee, and MERS as the beneficiary. In late 2008 or early 2009, Claros defaulted on this loan and Defendant LandAmerica Onestop, Inc., acting as agent for MERS, issued a notice of default. Claros subsequently hired Defendant S.B. Management, a California company, to assist him in modifying the loan or to stop the pending foreclosure. Specifically, Claros alleges that S.B. Management promised to pay off the refinanced loan and accept monthly payments from Claros until the debt was paid in full. However, S.B. Management allegedly never followed through on that promise.

///

Then in February 2010, MERS transferred all beneficial interest under the deed of trust to MetLife. MetLife then substituted Defendant UTLS Default Services ("UTLS") as the trustee under the deed of trust and on April 15, UTLS recorded a notice of trustee sale. Accordingly, on June 17, UTLS sold Claros' home to MetLife at a trustee sale. Metlife subsequently transferred the property to Fannie Mae, which currently holds legal title to the home.

On October 14, 2010, Claros filed a complaint asserting two claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, one claim under NRS § 107.080, and one wrongful foreclosure claim. Each claim appears to have been asserted against each Defendant. Defendants MERS, UTLS, Fannie Mae, LBPS, MetLife, and First Horizon subsequently filed motions to dismiss. For the reasons discussed below, the Court grants Defendants' motions.

**DISCUSSION**

**I.      Standard of Review**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider

3

whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

**II.     Analysis**

        **A.     TILA**

TILA requires creditors to disclose certain information about the terms of a loan to the prospective borrower. *See*, 15 U.S.C. §§ 1631–1632, 1638; 12 C.F.R. § 226.17. A creditor who fails to comply with TILA's requirements is liable to the borrower for damages. 15 U.S.C. § 1640(a). However, damages claims under TILA must be brought within one year from the date of the occurrence of the violation (*i.e.*, closing). Furthermore, TILA also provides borrowers with the right to rescind a mortgage transaction under certain parameters. 15 U.S.C. § 1635(a). However, the borrowers right of recission must be exercised within three years after the date of the consummation of the transaction (*i.e.*, closing) or before the property in question is sold, whichever occurs first. 15 U.S.C. § 1635(f). Finally, the remedy of recission is available only where a borrower is willing and able to tender the balance on the promissory note. *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003).

Claros seeks both damages and recission under TILA. However, the loan in question closed in November 2004 and Claros commenced this action in October 2010—more than six years later. Therefore, Claros' TILA claim fails under the statute of limitations (his damages claim expired in November 2005 and his recission claim expired in November 2007). Claros' TILA claim also fails because he has not alleged that he is willing and able to tender the

4

1  remaining balance on his debt.  Accordingly, the Court dismisses Claros' first and second causes
2  of action.

### B.  Wrongful Foreclosure

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).  Claros' wrongful foreclosure claim fails because at the time of foreclosure he was in breach of the terms of the deed of trust.  Therefore, the Court dismisses Claros' third cause of action.

### C.  NRS § 107.080

NRS § 107.080 requires, among other things, the trustee or beneficiary of a deed of trust to record a notice of default and election to sell the property subject to the deed of trust before that property is sold.  Section 107.080(3) further requires the trustee to mail a copy of the notice of default and election to sell to the trustor (*i.e.*, the debtor), before the subject property is sold.  A sale made pursuant to § 107.080 may be declared void if the trustee or beneficiary does not substantially comply with these requirements.

Claros alleges that the Defendants violated NRS § 107.080(3) by failing to properly notify him of the trustee's sale.  However, as discussed below, the Court takes judicial notice of the "Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust," which was recorded on April 24, 2009, and substantially complies with NRS § 107.080.  In addition, Claros does not allege that Defendants failed to mail this document to him.  Therefore, Claros fails to allege sufficient facts for this claim to be plausible.  Accordingly, the Court dismisses Claros' fourth cause of action.

///

///

AO 72
(Rev. 8/82)

### III. Judicial Notice

Pursuant to Rule 201(b) of the Federal Rules of Evidence, a court may take judicial notice of facts that are not subject to reasonable dispute because they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Because the "Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust" (Dkt. #10, Ex. F, Mot. to Dis.) was recorded in the office of the Clark County Recorder it is capable of accurate and ready determination. Therefore, the Court takes judicial notice of that document.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that MERS and UTLS' Motion to Dismiss (#10) is GRANTED.

IT IS FURTHER ORDERED that Fannie Mae and LBPS' Motion to Dismiss (#21) is GRANTED.

IT IS FURTHER ORDERED that MetLife and First Horizon's Motion to Dismiss (#38) is GRANTED.

Claros' claims are dismissed as to all Defendants and the Clerk of Court is instructed to close the case.

Dated: April 13, 2011

_____
ROGER L. HUNT
Chief United States District Judge